### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**BANC OF AMERICA LEASING &
CAPITAL, LLC,**

**Plaintiff,**

**-vs-**                                                    **Case No.  5:07-cv-510-Orl-22DAB**

**CLINICAL P.E.T. OF OCALA, LLC, and
GANESH D. ARORA, PH.D.,**

**Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion for Summary Judgment on Count VII
(Doc. 34), filed by the Plaintiff, Banc of America Leasing & Capital, LLC ("Banc of America").
Pursuant to this Court's Milburn Order (Doc. 35), the response of Defendant Ganesh D. Arora
("Arora") was due on August 12, 2008.  To date, no response has been filed.

**I.      Background**

Banc of America filed this suit on December 20, 2007, alleging that Defendant Clinical
P.E.T. of Ocala, LLC ("Clinical") had breached a lease and refused to return medical equipment
owned by Banc of America.  (Doc. 1).  Six of the seven counts in the Complaint (Doc. 1) raised
claims against Clinical; Count VII sought recovery on a guarantee signed by Arora.  Clinical filed
a Chapter 11 bankruptcy petition on April 22 (Doc. 27), and the automatic stay remains in effect.
Banc of America therefore seeks summary judgment only as to Count VII – Arora's guarantee.

## II.      Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.  The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

### III.     Application

In support of summary judgment as to Arora's guarantee (Doc. 1-2 at 64-68), Banc of America provides the affidavit of Frank s. Sterdjevich ("Sterdjevich"), vice president of Banc of America's Special Assets Group.   Sterdjevich avers that Clinical failed to make lease payments in the last five months of 2007, that the parties entered into a forbearance agreement (with Arora again personally guaranteeing Clinical's restructured obligation), and Clinical only made two of the first three payments due under the forbearance agreement before stopping all payments.

The Court finds that Banc of America has established the existence of the guarantee and its breach by Arora.  However, Banc of America's damages claim appears to be the result of a typographical error: Banc of America claims that Arora owes "One Million, Nine-Hundred Forty-Thousand, One Hundred Sixty-Nine cents."  (Doc. 34 at 5).  In addition, Banc of America claims entitlement to "late fees, other charges, attorneys fees and costs" (Doc. 34 at 5), but fails to cite to the provisions of the lease or guarantee that establish this entitlement or to provide the amounts owed by Arora in these categories.  Accordingly, the Court is unable to rule in Banc of America's favor on these points.  Accordingly, it is hereby

**ORDERED** that  the Motion for Summary Judgment on Count VII (Doc. 34), filed by the Plaintiff, Banc of America Leasing & Capital, LLC, is **GRANTED IN PART AND DENIED IN**

**PART**.  The motion is **GRANTED** as to Arora's liability on his guarantee, but **DENIED**

**WITHOUT PREJUDICE** as to the sum due pursuant to that guarantee.

  **DONE** and **ORDERED** in Chambers, Orlando, Florida on August 27, 2008.

            GREGORY A. PRESNELL
           UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party