**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BANC OF AMERICA LEASING &**
**CAPITAL, LLC,**

        **Plaintiff,**

-vs-                                          **Case No. 5:07-cv-510-Orl-22DAB**

**CLINICAL P.E.T. OF OCALA, LLC, and**
**GANESH D. ARORA, PH.D.,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court on the Renewed Motion for Summary Judgment (Doc. 38) filed by the Plaintiff, Banc of America Leasing & Capital, LLC ("BOA"), the response (Doc. 39) filed by Defendant Ganesh D. Arora ("Arora"), and the sur-reply (Doc. 42) filed by BOA.

On August 27, 2008, the Court partially granted BOA's motion for summary judgment as to Arora's personal guarantee of leases entered into between his company (and co-Defendant) Clinical P.E.T. of Ocala, LLC ("Clinical") and BOA. (Clinical filed a Chapter 11 bankruptcy petition on April 22, 2008, and the automatic stay remains in effect, preventing BOA from proceeding against Clinical.) The Court found that BOA had established the existence of the guarantee and its breach by Arora, but had failed to properly support its claimed damages figures.

In response, BOA filed the instant motion, asserting that Arora owed $1,771,674.18 under the leases as of August 25, 2008 and providing affidavits and documentation of the amounts sought. (Doc. 38). BOA also claimed entitlement to late fees, other fees, attorney's fees and costs

pursuant to the leases. (Doc. 38 at 3). BOA requested $58,688.80 in attorney's fees and $5,663.56 in costs. (Doc. 38 at 6). Finally, BOA asserted a right to post-judgment interest at the statutory rate of 11 percent per year. (Doc. 38-2 at 3).

Arora questioned BOA's figures in several respects. First, he pointed out that the amounts owing under the leases included categories labeled "Total Due" and "Rental Due," resulting in what appeared to be double-counting. (Doc. 39 at 1-2). And he alleged that the calculations did not incorporate the adequate protection payments which the Bankruptcy Court had required Clinical to make to BOA. (Doc. 39 at 2).[1] Aside from these points, Arora did not directly challenge any of BOA's figures (such as, for example, its entitlement to attorneys' fees or the reasonableness of the amount of fees sought).

In its sur-reply, BOA provided an affidavit from one of its vice presidents, Frank S. Sterdjevich ("Sterdjevich"), explaining that the bank's accounting software automatically deducts rental amounts from the category of "Total Due" as those amounts are billed, even if they are not paid. As a result, the amount in the "Rental Due" category must be added to the amount in the "Total Due" category to accurately reflect Clinical's unpaid obligation under the leases. (Doc. 44-2 at 3). BOA asserted that the $1,771, 674.18 figure *had* accounted for Clinical's adequate protection payments through August 25, 2008. (Doc. 42-3). Sterdjevich recomputed the amount

---

[1] Arora also contended that Banc of America's acceptance of the adequate protection payments could constitute a waiver of Clinical's default, and that Clinical's motion to assume the leases – currently pending in the Bankruptcy Court – might prevent Banc of America from proceeding on the guarantee. However, he failed to provide any legal or factual support for these arguments. Arora would be entitled to a credit for any further payments made by Clinical on the underlying obligation, but the possibility of future payments is not enough, on its own, to relieve him of liability for his guarantee.

owed, incorporating additional adequate protection payments made between the August date and October 15, 2008, and stated that Clinical owed $1,682,136.13 under the leases as of the latter date. (Doc. 44-2 at 2).

The Court finds that BOA has addressed the points raised by Arora, and that no genuine issue of material fact remains as to its entitlement to summary judgment on the guarantee. Accordingly, it is hereby

**ORDERED** that the Renewed Motion for Summary Judgment (Doc. 38) is **GRANTED**, and the Clerk is directed to enter judgment in favor of Banc of America Leasing & Capital, LLC and against Ganesh D. Arora in the amount of $1,746,488.49[2], plus postjudgment interest at 11 percent.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 22, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] $1,682,136.13 due under the leases as of October 15, 2008, plus $58,688.80 in attorney's fees and $5,663.56 in costs.